Allread, J.
The original action was brought to recover the purchase price of certain machinery claimed to have been sold by the plaintiff in error to the defendant in error. The answer, among other things, denies that the property was delivered according to contract.
From the record it appears that the machinery in question was ordered upon open account “Net f. o. b. cars at Cincinnati, Ohio. Delivery October.” There is a statement in the order showing that the time of delivery was important. The order was accepted by plaintiff in error subject to the following! “F. P. ¡B. Oakley, delivery October, terms, draft attached to B/L.” The added terms were inferentially accepted by defendant in error.
It also appears that the goods were shipped on October 31 from the Cincinnati Planer Company, Oakley, 'Cincinnati, Ohio, consigned to the order of the plaintiff in error, with direction to notify the defendant in error. The bill of lading was *268 evidently forwarded from Cincinnati to the plain-tiff in error at Cleveland, Ohio.
On November 4 the plaintiff in error wrote the defendant in error that the shipment had been made as above stated, and that the bill of lading, duly indorsed, together with a sight draft, had been forwarded by the plaintiff in error to the First National Bank of Sidney for collection.
On November 7 the defendant in error by letter notified the plaintiff in error that the shipment had arrived in Sidney and awaited unloading by the defendant in error, which the defendant in error was prepared to do on the basis outlined in the letter. The substance of the letter was that the defendant would accept the shipment if the terms were changed from a sight draft to a credit of thirty days. This credit was denied by the plaintiff in error, and the defendant in error thereupon canceled the order and refused acceptance of the goods.
The first question for determination is whether there was a delivery within the month of October; the second, whether the delivery as made was accepted by the defendant in error.
It is claimed by counsel for plaintiff in error that delivery wás made under the provisions of the Sales Act (99 O. L., 413) when the goods were delivered to the carrier at Oakley, Cincinnati, on October 31.
The defendant in error contends that the delivery to the carrier on October 31 was not a delivery to the defendant in error, and that the goods were for the first time tendered for delivery when the same reached Sidney some days later, *269 and when the bill of lading and draft were presented by the Sidney bank.
The important feature of this transaction is the consignment under a bill of lading to the order of the plaintiff in error instead of to the order of the defendant in error.
The effect of delivery to a carrier under a bill of lading is defined by paragraphs 2 and 3, Section 8400, General Code, as follows:
“2. When goods are shipped, and by the bill of lading they are deliverable to the seller or his agent, or to the order of the seller or of his agent, the seller thereby reserves the property in the goods. But if, except for the form of the bill of lading, the property would have passed to the buyer on shipment of the goods, the seller's property in the goods shall be deemed to be only for the purpose of securing performance by the buyer of his obligations under the contract.
“3. When goods are shipped, and by the bill of lading the goods are deliverable to thé order of the buyer or of his agent, but possession of the bill of lading is retained by the seller or his agent, the seller thereby reserves a right to the possession of the goods, as against the buyer."
By the first sentence of paragraph 2 the transaction in question would have the effect of reserving the property in the goods to the seller.
The second sentence of paragraph 2 is designed to relieve against the mere form of the bill of lading where the real intention was to transfer title subject only to the performance of certain conditions, such as payment, etc.
*270 We think, however, that provision does not apply for the reason that the transaction here does not have the effect of passing title. The seller did not surrender control of the bill of lading at the time of the shipment. The bill of lading was evidently sent from Cincinnati to the seller at Cleveland and was in the possession and control of the seller on November 4. On that date the bill of lading with sight draft was mailed to a collecting bank at Sidney. This bank was the agent of the plaintiff. The bill of lading and sight draft arrived at Sidney on November 7. Up to that date the bill of lading was in the control of the seller. In order that the transaction itself should pass the title to the buyer it should appear that the seller had surrendered control of the property.
By paragraph 2 above quoted the retention of the bill of lading even where the shipment is to the order of the buyer is a reservation of the right of possession. For a stronger reason the retention of the bill of lading would be a reservation of the right of possession where the seller also makes the shipment to his own order. We are, therefore, of opinion that the second sentence of paragraph 2 above quoted does not apply to the case at bar and that under the first sentence of paragraph 2 the seller reserved title to the property shipped.
We are Confirmed in this view by the case of Petersburg Fire Brick & Tile Co. v. American Clay Machinery Co., 89 Ohio St., 365. The facts in the Brick Company case were somewhat similar *271 to those in the case at bar. In the opinion this significant statement is found, at page 373:
“This merchandise was not delivered f. o. b. cars at Bucyrus, or Willoughby, or factory where made, for shipment to the brick company at Coal Grove, but was delivered to the common carrier for shipment to the machinery company at Coal Grove. The delivery to the common carrier was not actual or constructive delivery to the purchaser. There was no time in the history of this transaction when the machinery company' parted with the possession or right of possession of this machinery, nor was there a time when the brick company had a right to demand or require the common carrier to deliver this machinery to it.”
Likewise, it may be said that the machinery in the case at bar was not delivered to the common ¡carrier at Cincinnati, Ohio, for delivery to The Sidney Machine Tool Company; but the delivery 'was to the common carrier for shipment to the plaintiff in error. The delivery to the common carrier was not actual or constructive delivery to the purchaser. There was, within the stipulated period, no delivery, actual or constructive, to the defendant in error. When a delivery was actually tendered subsequent to the month of October the said machine tool company had the right to reject The same.
We think the letter of The Sidney Machine Tool .Company of November 7 was not an acceptance of the machinery, but was an offer to accept the same upon certain conditions. When the plaintiff in error rejected the conditions The Sidney Machine Tool Company had the right to unquali *272 fiedly reject the machinery, and this we think it did by its telegram of November 14.
It therefore follows, first, that there was no delivery, actual or constructive, to The Sidney Machine Tool Company within the stipulated period; second, The Sidney Machine Tool Company did not accept, but on the contrary rejected the subsequent delivery of the machinery. The court of common pleas did not err in holding for the defendant.

Judgment affirmed.

Ferneding and Kunicle, JTJ., concur.