father's estate, not of his own free will and accord, but by reason of the power and undue influence and fraud practiced on him by his mother.

Further comment is unnecessary. It follows that the judgment of this court is that the deed in question be set aside, and plaintiff is hereby granted all the relief prayed for in his petition.

*Judgment for plaintiff.*

SHIELDS and PATTERSON, JJ., concur.

————————

THE VAN LEUNEN CO. *v.* MEDDOCK.

*Sales—Question for jury—Retaining possession or jus disponendi—Title to shipment—Bill of lading in vendor's name with draft attached—Evidence of custom inadmissible, when —Measure of damages—Vendor may recover contract price, when—Section 8443, General Code.*

1. The question of retaining possession or the *jus disponendi* of goods under a contract of sale is one of fact for the jury.

2. Where goods are shipped by a vendor and he has the bill of lading made to his own order and attaches it to a draft, and except for the form of the bill of lading the property would have passed to the buyer on shipment of the goods, the vendor's property in the goods will be presumed, in the absence of evidence to the contrary, to be only for the purpose of securing payment.

3. Evidence of a custom existing in a certain line of business is inadmissible in an action on a contract involving such business, where it is not shown that the plaintiff was regularly engaged in that line of business or that he had any knowledge of such custom.

4. Where the vendee has breached a contract for the sale of goods, the vendor is not limited in damages to the difference be-

tween the market price and contract price at the time of the breach, but may maintain an action for the contract price of the goods by virtue of Section 8443, General Code.

(Decided March 27, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. John C. Hermann,* for plaintiff in error.
*Mr. H. J. Appling,* for defendant in error.

CUSHING, J.   The question in this case involves a construction of what is known as the Sales Act, passed by the legislature of Ohio May 9, 1908 (99 O. L., 413; Section 8381 *et seq.,* General Code.)

On November 6, 1918, William Meddock entered into a written contract with The Van Leunen Company, by which he sold and the company purchased about thirty tons of hay, specified in the contract, at $25 a ton, f. o. b. Hicks Station.   The company secured permits under the regulations provided by the United States Railway Administration, and the P., C., C. & St. L. Ry. Co. placed three cars for loading at Hicks Station.

On November 18, after the hay was loaded, bills of lading were made to William Meddock, and endorsed by him in blank, with a notation to notify the Van Leunen company.   On the next day, Meddock drew a draft on the company through the Merchants and Farmers Bank of Blanchester, attached the three bills of lading, and the bank forwarded it to the Fourth National Bank of Cincinnati for collection.   The latter bank, on November 22, 1918, notified the company.   The company wrote Meddock that it would not accept the hay unless the

draft was reduced from $655.24 to $550. This Meddock refused to do.

The record is silent as to what final disposition was made of the hay.

This action was filed in the court of common pleas December 4, 1918, to recover the contract price of the hay, with interest from November 6, 1918.

The answer of the defendant admitted the contract, and that it purchased the hay, and by way of defense pleaded the regulation of the United States Railway Administration requiring that cars be loaded to a minimum of ten tons, also the custom among dealers in hay that when cars are loaded for shipment to foreign points they should be loaded to a minimum of ten tons. The answer further admitted that defendant had refused to accept the hay.

The principal points urged for reversal in this case are as to the measure of damage, exclusion of evidence, and that the verdict of the jury is contrary to the weight of the evidence.

It is undisputed that on the date of the contract the agent of the company visited the farm on which Meddock lived; that the hay at that time was baled and stacked in three piles; that it was examined; and that in making an estimate of its quantity Meddock claimed there were about forty tons, and Dennis, the agent of the company, estimated it at about thirty tons. The contract was drawn providing for about thirty tons of hay.

It is admitted that all the hay, except a few bales that broke in handling, was shipped, and when weighed there were 26 tons and 435 pounds.

Defendant below contended that as the bills of lading were made to Meddock's order, and attached to the draft, he thereby retained possession of the

property.   The question of retaining possession, or the *jus disponendi,* is one of fact for the jury.   That question was submitted to the jury under instructions of the court in the following language:

"When goods are shipped and by bill of lading they are deliverable to the seller, the seller thereby reserves the property in the case, but if, except for the terms of the bill of lading the property would have passed to the buyer on shipment of the goods, the seller's property in the case shall be deemed to be only for the purpose of securing performance by the buyer of his obligations under the contract."

This question was determined in favor of plaintiff, and in the absence of any specific finding of the jury it will be presumed that the jury found that the making of the bills of lading to his own order, and the attaching of them to the draft, were only for the purpose of securing payment.   Section 8400, General Code.

Defendant below tendered evidence of the custom in the hay business with reference to loading to a minimum of ten tons per car.   The record is that the court refused the admission of this evidence on the ground that it was not shown that Meddock was in the business of trading or dealing in hay or that the custom was brought home to him.   The ruling of the court below on this question was correct. The special charges refused by the court were drawn to conform to this custom, and it was not error to refuse them.

The written contract in this case does not refer to or in any way mention either the ruling of the United States Railway Administration or the custom in the trade; nor did the defendant seek to prove

a separate contract between the parties. The parties will, therefore, be bound by the contract they made.

Plaintiff in error contends that the measure of damage was the difference between the price of the hay at the date of the breach of the contract and the contract price. This would be so if it were not for the statute. The first paragraph of Section 8443, General Code, gives the seller the right to maintain an action for the price of the goods, when there has been a sale.

Plaintiff in error cites and relies on the case of *Motch & Merryweather Machinery Co.* v. *The Sidney Machine Tool Co.,* 12 Ohio App., 266. The facts in that case are clearly distinguishable from those in the case at bar. In that case the machine company at Cleveland sold to the tool company at Sidney machinery to be manufactured in Cincinnati. One of the conditions of the sale was that it should be delivered in October. The manufacturer of the machinery in Cincinnati completed the manufacture and loaded the machinery on the cars October 31, billing it to The Motch & Merryweather Machine Company on October 31. The machinery was not tendered to the tool company at Sidney until November 7. The tool company refused to receive it unless time was given for payment. That condition was not accepted by the Motch & Merryweather Company, and it sued for the contract price. The court of appeals of the second district held that the tool company was justified in refusing to receive the machinery; that, when presented, it had an option to make such terms as it chose, on the ground that delivery was not made in the time provided in the

contract. The decision of this court is not in conflict with that of the second district.

Finding no error prejudicial to the plaintiff in error, the judgment of the court below will be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.